UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | **Mirella Covarrubias v. Ocwen Loan Servicing, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiff:  Attorney Present for Defendant:

None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Dismiss Plaintiff's Amended Complaint

Having reviewed all the briefing filed with respect to defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 34, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

On May 10, 2017, Mirella Covarrubias ("Covarrubias" or "plaintiff") filed this action against Ocwen Loan Servicing, LLC ("Ocwen" or "defendant"). (See Dkt. 1, Complaint). On July 20, 2017, plaintiff filed the operative Amended Complaint (Dkt. 26, "AC"), asserting claims for: (1) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; and (2) negligence. (See id. at ¶¶ 48-59). Plaintiff seeks statutory damages, injunctive relief, and special, general, compensatory, and punitive damages. (See id. at 10, Prayer for Relief).

Covarrubias allegedly incurred a debt to Ocwen related to a home mortgage. (See Dkt. 26, AC at ¶ 18). Defendant began calling plaintiff to collect on the debt. (See id. at ¶ 19). "Between March 30, 2011 through February 16, 2016," defendant called plaintiff on her cell phone using an automated telephone dialing system ("ATDS"). (Id. at ¶¶ 19, 29). Plaintiff alleges that when she answered defendant's calls, she would hear a click or beep before a representative picked up, or the voice on the other end was recorded rather than live. (Id. at ¶¶ 21-22).

According to plaintiff, she "has received at least 1,401 calls" from defendant, (Dkt. 26, AC at ¶ 23), "each of [which] was an attempt to collect on a consumer debt[.]" (Id. at ¶ 29). "For example, [she] received 8 calls on a single day on May 18, 2014." (Id. at ¶ 24). Plaintiff answered some of the automated calls and asked defendant to stop calling, but "the calls continued without interruption." (Id. at ¶ 27; see id. at ¶ 30). Having revoked consent to receive these automated calls, assuming she had ever given express consent, (see id. at ¶¶ 26-27, 30, 34), Covarrubias began to ignore or send to voicemail incoming calls to her cell phone from unknown numbers just to avoid Ocwen's calls. (Id. at ¶ 36). As a result, "Plaintiff was personally affected, becoming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | Mirella Covarrubias v. Ocwen Loan Servicing, LLC | | |

frustrated and distressed that . . . Defendant continued to harass Plaintiff[.]" (Id. at ¶ 34). Plaintiff alleges the calls "disrupted [her] daily activities and the peaceful enjoyment of [her] personal and professional life[.]" (Id. at ¶ 35).

**LEGAL STANDARDS**

I.      STANDING.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408, 133 S.Ct. 1138, 1146 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (internal quotation marks omitted); accord Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). Article III requires a plaintiff to show that he or she: "(1) has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000); accord Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1386 (2014) ("The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

The party seeking to invoke the court's jurisdiction bears the burden of establishing standing. Spokeo, 136 S.Ct. at 1547. However, the burden is low at the pleading stage. See Lujan, 504 U.S. at 561, 112 S.Ct. at 2136-37. "For purposes of ruling on a motion to dismiss for want of standing . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206 (1975); see Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011).

II.     MOTION TO DISMISS.

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). The plaintiff must provide "more than labels and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | Mirella Covarrubias v. Ocwen Loan Servicing, LLC | | |

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1828 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted). "Specific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint also may be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## **DISCUSSION**

I.     STANDING.

Ocwen contends that plaintiff "lacks Article III standing" because she has not alleged a concrete injury based on the phone calls she received. (See Dkt. 34-1, Motion at 9-12). Though Ocwen styles its challenge to plaintiff's standing as a Rule 12(b)(6) motion, (see id. at 1), the court considers this challenge as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). See Maya, 658 F.3d at 1067 ("Though lack of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). The court addresses this matter first. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007).

In Spokeo, 136 S.Ct. 1540, the Supreme Court explained that a "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." Id. at 1549. Construing Spokeo, the Ninth Circuit recognized that "a violation of the TCPA is a concrete, de facto injury[,]" reasoning that "Congress identified unsolicited contact as a concrete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | Mirella Covarrubias v. Ocwen Loan Servicing, LLC | | |

harm, and gave consumers a means to redress this harm" through the TCPA.[1] Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017). The Ninth Circuit held that "[a] plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" Id. (quoting Spokeo, 136 S.Ct. at 1549).

Ocwen contends the court should view the Ninth Circuit's ruling in Van Patten narrowly. (See Dkt. 37, Reply at 8-9). Ocwen argues that the unsolicited contact Congress sought to curb and the privacy interests it sought to protect with the TCPA are distinguishable because the parties to this action had "a continued, legitimate, existing relationship" such that the calls are not "unsolicited," and that Ocwen's calls are not of the type "the TCPA is designed to protect." (Id. at 9). These arguments are unpersuasive.

First, the reasoning of Van Patten extends to plaintiff's situation. Although the Van Patten case involved telemarketing, the Ninth Circuit rested its reasoning on congressional findings, "recogniz[ing] that Congress has some permissible role in elevating concrete, de facto injuries previously inadequate in law 'to the status of legally cognizable injuries.'" Van Patten, 847 F.3d at 1043 (quoting Spokeo, 136 S.Ct. at 1549). In enacting the TCPA, Congress noted that "evidence . . . indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, ¶ 13, 105 Stat. 2394, 2395 (1991) (emphasis added). Indeed, the TCPA protects against "any call" made using an automated telephone dialing system or an artificial or prerecorded voice, telemarketing or otherwise. 47 U.S.C. § 227(b)(1)(A) (emphasis added). The congressional findings together with the TCPA's blanket prohibitions of automated calls suggest that Congress recognized the type of harm that encompasses the debt collection calls Ocwen allegedly made. See Ma v. Convergent Outsourcing, Inc., 2017 WL 2558439, *3 (C.D. Cal. 2017) ("There is no material difference between receiving an unsolicited call as part of a general marketing effort and receiving one as part of an effort to collect an outstanding debt.").

Second, the facts Covarrubias alleges are sufficient to establish a concrete, particularized injury resulting from defendant's alleged calls. Covarrubias pleads that she "suffered an invasion of a legally protected interest in privacy[.]" (Dkt. 26, AC at ¶ 33). She alleges that she "was personally affected, becoming frustrated and distressed[,]" (id. at ¶ 34), and that the calls "disrupted [her] daily activities and the peaceful enjoyment of [her] personal and professional life[.]" (Id. at ¶ 35). These alleged injuries reflect the nuisance and privacy concerns Congress sought to address with the TCPA.

---

[1] The cases defendant cites to support the proposition that a TCPA violation is not an injury in fact, Ewing v. SQM US, Inc., 211 F. Supp. 3d 1289 (S.D. Cal. 2016), and Romero v. Dep't Stores Nat'l Bank, 199 F. Supp. 3d 1256 (S.D. Cal. 2016), "are inapposite because they adopt a higher standard to satisfy Article III standing requirements under the TCPA, and were decided before the Ninth Circuit had the opportunity to construe Spokeo through its ruling in Van Patten." Quinones v. Ocwen Loan Servicing, LLC, 2017 WL 4641083, *2 (C.D. Cal. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | **Mirella Covarrubias v. Ocwen Loan Servicing, LLC** | | |

II.     NEGLIGENCE CLAIM.

   A.     Statute of Limitations.

Ocwen argues that Covarrubias fails to state a negligence claim because the two-year statute of limitations has passed.  (See Dkt. 34-1, Motion at 3-6).

"A district court may dismiss a claim '[i]f the running of the statute is apparent on the face of the complaint.'"  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)) (alteration in original).  In California, the statute of limitations for negligence is two years.  See Cal. Civ. Proc. Code § 335.1; see also Ward v. Westinghouse Can., 32 F.3d 1405, 1407 (9th Cir. 1994).

Here, plaintiff alleges that she received automated calls from defendant "between March 30, 2011 through February 16, 2016."  (Dkt. 26, AC at ¶ 19).  Because plaintiff filed this action on May 10, 2017, (see Dkt. 1, Complaint), any calls that occurred after May 10, 2015, would fall within the statute of limitations period for negligence.  Plaintiff's allegation that defendant made automated calls "through February 16, 2016" is sufficient to overcome defendant's challenge.[2]  In short, Covarrubias's negligence claim is timely, and Ocwen's motion to dismiss is denied as to this issue.

   B.     Duty.

Ocwen also contends that Covarrubias has failed to allege that it owed her a duty of care.  (Dkt. 34-1, Motion at 6-7).  The court disagrees.

Under California law, to state a negligence claim, a plaintiff must allege "a legal duty to use due care, a breach of such legal duty, and [that] the breach [is] the proximate or legal cause of the resulting injury."  Kesner v. Superior Court, 1 Cal.5th 1132, 1142 (2016) (alterations in original; internal quotation marks omitted).  Establishing a duty of care "is 'a prerequisite to establishing a claim for negligence.'"  Foreman v. FDIC, 481 F.Appx. 424, 425 (9th Cir. 2012) (quoting Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1095 (1991)).

"As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Lueras v. BAC Home Loans Servicing, LP, 221 Cal.App.4th 49, 63 (2013) (internal quotation marks omitted).  "[L]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender."  Nymark, 231 Cal.App.3d at 1096; see Sepehry-Fard v. Dep't Stores Nat'l Bank, 2013 WL

---

[2]  There may be an issue as to the scope of damages plaintiff may seek as to calls made before May 10, 2015, which can be addressed at a later time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0904 FMO (SPx) | Date | **March 7, 2018** |
|---|---|---|---|
| Title | Mirella Covarrubias v. Ocwen Loan Servicing, LLC | | |

6574774, *2 (N.D. Cal. 2013) ("[L]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.") (alteration in original) (quoting Nymark, 231 Cal.App.3d at 1096). District courts in this circuit have extended this general rule regarding lenders to loan servicers and debt collectors. See, e.g., Herrera v. AllianceOne Receivable Mgmt., 2016 WL 7048318, *5 (S.D. Cal. 2016); Inzerillo v. Green Tree Servicing LLC, 2014 WL 1347175, *6 (N.D. Cal. 2014); Saugstad v. Am. Home Mortg. Servicing Inc., 2010 WL 2991724, *4 (E.D. Cal. 2010).

Here, the court finds that plaintiff has adequately alleged that Ocwen exceeded its role as a lender by alleging that Ocwen called her "at least 1,401" times on her cellular phone. (See Dkt. 26, AC at ¶ 23); see Quinones, 2017 WL 4641083, at *3 (noting that Ocwen "went beyond its role as a lender to become an aggressive debt collector, calling Plaintiff 1,053 times") (internal quotation marks omitted). As one court put it, plaintiff "adequately alleges that [Ocwen's] debt collection calls went beyond the pale, and constituted harassing and abusive behavior that exceeded the normal domain of a lender collecting on a debt." Quinones, 2017 WL 4641083, at *3. Thus, the court finds that plaintiff has adequately alleged a duty of care. See id. at *4 (finding that plaintiff "adequately identified a duty of reasonable care that Ocwen violated through its repeated collection calls"); Brandt v. Ocwen Loan Servicing, LLC, 2017 WL 5878581, *9-10 (finding the reasoning in Quinones persuasive in action involving similar allegations against Ocwen).

III.   PUNITIVE DAMAGES.

Ocwen contends that plaintiff has failed to allege any facts supporting a claim for punitive damages and, accordingly, her claim for such relief should be dismissed. (See Dkt. 34-1, Motion at 8-9). However, "[b]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)." Oppenheimer v. Sw. Airlines Co., 2013 WL 3149483, *4 (S.D. Cal. 2013) (collecting cases). Accordingly, Ocwen's motion is denied as to punitive damages.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(Document No. 34)** is **denied**.

2. Defendant shall file its answer to the Amended Complaint no later than **March 16, 2018**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 17-0904 FMO (SPx)** | Date | **March 7, 2018** |
|---|---|---|---|
| Title | **Mirella Covarrubias v. Ocwen Loan Servicing, LLC** | | |

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |