**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Emily C. Beecham, Esq. (SBN: 315462)
emily@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Mirella Covarrubias

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIRELLA COVARRUBIAS,**<br><br>Plaintiff,<br><br>v.<br><br>**OCWEN LOAN SERVICING, LLC,**<br><br>Defendant. | Case No.: 5:17-cv-00904-FMO-SP<br><br>**JOINT STIPULATION PURSUANT TO L.R. 37**<br><br>**Presiding Judge:**<br>Hon. Fernando M. Olguin<br><br>**Magistrate Judge:**<br>Hon. Sheri Pym<br><br>**Motion Date:** Tuesday, June 26, 2018<br>**Time:** 10:00 A.M.<br>**Discovery Cut-Off:** June 29, 2018<br>**PTC:** October 5, 2018<br>**Trial Date:** October 23, 2018 |

# TABLE OF CONTENTS

I. INTRODUCTORY STATEMENTS ............................................................. 1

   A. PLAINTIFF'S STATEMENT ............................................................. 1

   B. DEFENDANT'S STATEMENT ........................................................... 2

II. DISCOVERY ISSUES IN DISPUTE .......................................................... 3

   A. DISCOVERY REQUESTS AT ISSUE ..................................................... 4

     1. Requests for Production of Documents ............................. 4

     2. Interrogatories ......................................................... 6

   B. PLAINTIFF'S CONTENTIONS AND POINTS AND AUTHORITIES ........... 7

     1. Defendant's Net Worth is Relevant and Necessary
       to Plaintiff's Punitive Damages Claim ............................. 7

     2. Plaintiff is Not Required to Make a Prima Facie
       Showing of Entitlement to Punitive Damages
       Before Seeking Discovery ............................................. 8

     3. Pre-Trial Discovery of Defendant's Net Worth is
       Governed By and Permissible under F.R.C.P. Rule 26(b) ...... 9

   C. PLAINTIFF'S PROPOSED RESOLUTION ............................................. 11

   D. DEFENDANT'S CONTENTIONS AND POINTS AND AUTHORITIES ......... 12

     1. The Court has discretion to limit discovery of
       sensitive financial information, especially where
       the issue of Ocwen's net worth implicates a claim
       that rests upon only two telephone calls .......................... 12

     2. Plaintiff cannot show a substantial probability
       that she will prevail on her punitive damages request,
       given that it is based upon two phone calls .................... 14

     3. Should the Court find Ocwen liable on Plaintiff's

punitive damages claim, Ocwen will provide

Plaintiff's requested discovery at that time.................................... 15

E.  DEFENDANT'S PROPOSED RESOLUTIONS.................................................. 15

Pursuant to Local Rule 37-2 of the Central District of California, Plaintiff, MIRELLA COVARRUBIAS ("Plaintiff"), and Defendant, OCWEN LOAN SERVICING, LLC ("Defendant" or "Ocwen") (collectively the "Parties"), hereby present this Joint Stipulation.

# I.   INTRODUCTORY STATEMENTS

## A. PLAINTIFF'S STATEMENT:

Plaintiff has asserted claims against Defendant for negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA") and negligence, based on an excessive number of telephone calls placed to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent, or after clear revocation of consent. In relation to these claims, Plaintiff seeks statutory damages, injunctive relief, and special, general, compensatory, and punitive damages. Defendant filed a motion to dismiss Plaintiff's claims, including her claim for punitive damages. [Dkt. 34-1.] However, the Court denied the motion in its entirety. [Dkt. 54.] Thus, Plaintiff has engaged in discovery related to her claims.

On March 14, 2018, Plaintiff served her second set of Requests for Production of Documents and Interrogatories (collectively "Discovery Requests") pertaining to discovery of Defendant's net worth in relation to Plaintiff's claim for punitive damages. On April 13, 2018, Defendant served objections to Plaintiff's Discovery Requests, arguing that under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct.  On that basis, Defendant refused to turn over any net worth information. Plaintiff subsequently sent a written meet and confer letter, to which Defendant did not submit a formal reply.  When Plaintiff sent a follow up request on May 7, 2018, Defendant requested a telephonic conference, which was held on May 8, 2018.  Defendant affirmed that it did not intend to produce

net worth discovery pursuant to Section 3295(c). In an effort to compromise, Plaintiff inquired whether Defendant would, at minimum, identify document(s) and witness(es) so that Plaintiff could subpoena the information sought. However, Plaintiff did not receive an affirmative response from Defendant, nor has such information been identified to date. Nonetheless, Plaintiff maintains that federal rules govern and permit pre-trial discovery of Defendant's financial condition, rather than mere identification of the information requested.

Following the initial conference of counsel, the Parties exchanged several emails and held a second telephonic conference on May 15, 2018, but reached an impasse as to whether Defendant is obligated to produce pre-trial discovery related to its financial condition.

Specifically, it is Plaintiff's position that the Federal Rules of Civil Procedure control and permit pre-trial discovery of net worth, while Defendant maintains that California Civil Code § 3295(c) governs Plaintiff's claim for punitive damages and prohibits pre-trial discovery of net worth. As a result, the Parties now seek court intervention.

**B. DEFENDANT'S STATEMENT:**

Plaintiff seeks extensive and intrusive discovery related to Ocwen's net worth, despite the fact that this discovery is relevant only to Plaintiff's claim for punitive damages, a claim raised pursuant to her state law negligence claim. As the Court noted, however, there are issues "as to the scope of damages plaintiff may seek" on this claim. *See* Dkt. No. 54 at 5 n.2. Although Plaintiff alleged in her Amended Complaint that the statute of limitations for each of her causes of action was tolled as a result of a TCPA class action filed against Ocwen in 2014, the underlying case did not include a negligence claim. *See* Dkt. No. 26 at ¶ 7. As a result, the Court found that only those "calls that occurred after May 10, 2015, would fall within the statute of limitations period for negligence." *See* Dkt. No. 54 at 5.

The Parties have engaged in discovery and this exchange of documents has revealed only *two* calls made by Ocwen to Plaintiff in the applicable statute of limitations period. Consequently, Plaintiff's demand for extensive, confidential, and sensitive information evidencing the financial condition of Ocwen – information which is not public – is all based upon *two* phone calls made to Plaintiff over a course of months, one call on December 15, 2015 and another call on February 16, 2016. Ocwen contends that the right to privacy counterbalances any right Plaintiff might claim to this information.

Further, despite Plaintiff's contentions, Ocwen has not "refused to turn over any net worth information." In meet and confer calls, Ocwen stated its position that Plaintiff is not entitled to information on Ocwen's net worth at this state of the litigation, but offered to produce certain documents evidencing financial information or to identify witnesses who could attest to this information. This was insufficient for Plaintiff's counsel, who contended that they would accept nothing short of the full breadth of information sought.

Discovery on this issue is not necessary at this time and, further that it is not permitted under applicable law. Plaintiff's alleged entitlement to this discovery implicates only her punitive damages claim. This claim is based upon California law and, as such, California law protecting defendants' privacy should apply. Plaintiff could, potentially, demonstrate entitlement to this discovery if she could show a substantial probability of recovering punitive damages. However, with only two separate phone calls upon which to base her claim for punitive damages, she cannot demonstrate a substantial probability of recovery. Plaintiff's motion to compel should be denied.

## II.   DISCOVERY ISSUES IN DISPUTE

Pursuant to Local Rule 37-2.1, Plaintiff hereby sets forth the Discovery Requests at issue and Defendant's Responses thereto.

## A. Requests for Production of Documents

### Request for Production No. 29:

"Please produce all DOCUMENTS which show YOUR net worth and financial condition under generally accepted accounting principles i.e. 'GAAP.'"

### Response to Request for Production No. 29:

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request is nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential and subject to the attorney-client privilege and work-product doctrine.

### Request for Production No. 30:

"Please produce all DOCUMENTS which establish YOUR net worth and financial condition as defined by California Civil Jury Instruction 3947."

### Response to Request for Production No. 30:

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request and its related predecessor are nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information, as well as subject to the attorney-client privilege and work-product doctrine.

### Request for Production No. 31:

"Please produce all DOCUMENTS which establish YOUR net worth and financial condition as defined by Jury Instruction 5.5 of the Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007)."

***Response to Request for Production No. 31:***

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request and its related predecessors are nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information, as well as subject to the attorney-client privilege and work-product doctrine.

***Request for Production No. 32:***

"Please produce all DOCUMENTS which discuss or explain YOUR method for calculating your net worth and financial condition under generally accepted accounting principles i.e. 'GAAP.'"

***Response to Request for Production No. 32:***

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request and its related predecessors are nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information, as well as subject to the attorney-client privilege and work-product doctrine.

***Request for Production No. 33:***

"Please produce all DOCUMENTS which discuss or explain YOUR method for calculating your net worth and financial condition as defined by California Civil Jury Instruction 3947."

///

***Response to Request for Production No. 33:***

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request and its related predecessors are nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information, as well as subject to the attorney-client privilege and work-product doctrine.

***Request for Production No. 34:***

"Please produce all DOCUMENTS which discuss or explain YOUR method for calculating your net worth and financial condition as defined by Jury Instruction 5.5 of the Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007)."

***Response to Request for Production No. 34:***

Ocwen objects to this Request as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Request and its related predecessors are nothing more than an attempt to harass Ocwen. Ocwen further objects to this Request as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information, as well as subject to the attorney-client privilege and work-product doctrine.

**B. Interrogatories**

***Interrogatory No. 11:***

"State YOUR net worth as of the date of responding to these requests."

//

***Response to Interrogatory No. 11:***

Ocwen objects to this Interrogatory as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Interrogatory is nothing more than an attempt to harass Ocwen.

Ocwen further objects to this Interrogatory as calling for information that is highly confidential and subject to the attorney-client privilege and work-product doctrine.

***Interrogatory No. 12:***

"Please explain how YOU calculated YOUR net worth in responding to Special Interrogatory No. 11."

***Response to Interrogatory No. 12:***

Ocwen objects to this Interrogatory as legally improper. Under California Civil Code § 3295(c), pretrial discovery is not permitted with respect to the financial condition of a defendant or any profits gained by allegedly wrongful conduct. This Interrogatory is nothing more than an attempt to harass Ocwen. Ocwen further objects to this Interrogatory as calling for information that is highly confidential, proprietary, trade secret, commercial and/or business information and subject to the attorney-client privilege and work-product doctrine.

**B. PLAINTIFF'S CONTENTIONS AND POINTS AND AUTHORITIES**

**1. Defendant's Net Worth is Relevant and Necessary to Plaintiff's Punitive Damages Claim**

A party can discover any non-privileged information which is relevant to the claims or defenses of any other party. Fed. R. Civ. P. 26(b)(1). Relevant information does not have to be admissible so long as it is calculated to lead to the discovery of admissible evidence. *Id.* "Relevance is broadly construed . . . A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Baykeeper v. Kramer Metals, Inc.*, 2009

1  U.D. Dist. LEXIS 136154, *4 (C.D. Cal. Feb. 27, 2009) (internal citations omitted);

2  *see also Surfivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

3  "Under the liberal federal discovery principles of the Federal Rules[,] defendants

4  [are] required to carry a heavy burden of showing why discovery was denied."

5  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

6  Here, Plaintiff seeks discovery of Defendant's financial condition in relation

7  to Plaintiff's claim for punitive damages. Where "punitive damages are available,

8  discovery as to defendant's net worth, among other things, is appropriate and

9  relevant." *United States EEOC v. Ian Schrager Hotels, Inc.*, 2000 U.S. Dist. LEXIS

10  21501, *10 (C.D. Cal. Mar. 8, 2000) (omitting internal citations).

11  Importantly, the burden is "on the plaintiff rather than on the defendant to

12  introduce evidence of the defendant's financial condition." *See Adams v. Murakami*,

13  54 Cal. 3d 105, 119 (Aug. 15, 1991). Moreover, "[a] reviewing court cannot make a

14  fully informed determination of whether an award of punitive damages is excessive

15  unless the record contains evidence of the defendant's financial condition." *Id.* at

16  110. Thus, it is relevant *and necessary* for Plaintiff, here, to discover Defendant's

17  financial condition to support her claim for punitive damages.

18  ## 2. Plaintiff is Not Required to Make a Prima Facie Showing of

19  ## Entitlement to Punitive Damages Before Seeking Discovery

20  Similar to the matter of *Vieste, LLC v. Hill Redwood Dev.*, 2011 U.S. Dist.

21  LEXIS 29137 (N.D. Cal. Mar. 9, 2011), Defendant, here argues that information

22  regarding its net worth and financial condition should not be produced until later,

23  either after Plaintiff has made some showing of her entitlement to punitive damages,

24  or after the liability phase of a bifurcated trial. "While some federal courts have

25  required a prima facie showing of entitlement to punitive damages before ordering

26  discovery, the majority have not." *Id.* at *8-9 (citing *Charles O. Bradley Trust v.

27  Zenith Capital, LLC*, 2005 U.S. Dist. LEXIS 35562, 2005 WL 1030218, at *3 (N.D.

28

Cal. May 3, 2005) (listing cases); *EEOC v. Cal. Psychiatric Transitions, Inc.*, 258 F.R.D. 391, 394-395 (E.D. Cal. 2009)); *Baykeeper v. Kramer Metals, Inc.*, 2009 U.D. Dist. LEXIS 136154, *14 (C.D. Cal. Feb. 27, 2009) ("[T]he overwhelming[] majority of courts . . . have held that a prima facie showing of entitlement to punitive damages is not required to justify the discovery of financial information.").

"Evidence of net worth . . . is crucial to the issue of punitive damages." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. Apr. 2, 1998). As such, "[t]he discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, ***whether or not such evidence would be admissible at trial***." *Id.* at 286 (omitting citations) (emphasis added); *see also Ian Schrager Hotels, Inc.*, 2000 U.S. Dist. LEXIS 21501, at *10 ("discoverable information need not be admissible at the trial").

"Moreover . . . one of the purposes behind the broad federal discovery rules is to facilitate settlement, and such financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." *Id.* (citations omitted). Thus, Plaintiff should not be forced to further delay discovery of Defendant's financial condition.

### 3.   Pre-Trial Discovery of Defendant's Net Worth is Governed by and Permissible under F.R.C.P. Rule 26(b)

Defendant argues that Plaintiff's discovery requests concerning net worth are privileged pursuant to state law. "Defendants have a constitutional right to privacy in their personal information." *Nicander v. Hecker*, 2009 U.S. Dist. LEXIS 122592, *2 (N.D. Cal. Dec. 21, 2009) (citing *Crawford v. United States Trustee,* 194 F.3d 954, 958-59 (9th Cir. 1999)). "However, that right is not absolute and may be overcome by a showing of compelling need." *Id.* "Interests in ascertaining the truth, addressing potentially severe wrongdoing by defendants, and ensuring the enforcement of rights are factors that weigh in favor of disclosure." *Charles O.*

1   *Bradley Trust, v. Zenith Capital LLC*, 2005 U.S. Dist. LEXIS 35562, *2 (N.D. Cal.

2   May 3, 2005).

3       Defendant contends that at least one federal court has applied Cal. Civ. Code

4   § 3295(c) as one of state law privilege; i.e., *Stella Systems, LLC v. MedeAnalytics,*

5   *Inc.*, 2015 WL 850219 (N.D. Cal. Feb. 25, 2015). However, *Stella Systems* seems

6   to be an outlier, as other courts have held that "[n]othing in Civ. C. § 3295 creates

7   a privilege for discovery purposes." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D.

8   281, 285 (C.D. Apr. 2, 1998). Moreover, *Stella Systems* is distinguishable because

9   it is a diversity case; and even that Court recognized that Section 3295(c) "does not

10  bind the federal court[.]" *Id.* at *3.

11      While state law may be applied to diversity actions governed by state law

12  (*see In re California Public Utilies Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989)), in

13  federal questions cases, like here, "the law of privilege is governed by the principles

14  of the common law as they may be interpreted by the courts of the United States in

15  the light of reason and experience." *Baykeeper v. Kramer Metals, Inc.*, 2009 U.S.

16  Dist. LEXIS 136154, *13 (C.D. Cal. Feb. 27, 2009) (finding analysis in case with

17  diversity jurisdiction "simply does not apply" and is not persuasive) (citing

18  *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367 n. 10 (9th Cir.

19  1992) (internal quotation marks and citation omitted) (refusing to apply California

20  litigation privilege to copyright action with pendent state claims); *Heathman v.*

21  *United States Dist. Ct.*, 503 F.2d 1032, 1034 (9th Cir. 1974) ("[I]n federal question

22  cases the clear weight of authority and logic supports reference to federal law on

23  the issue of the existence and scope of an asserted privilege."); *Fitzgerald v. Cassil*,

24  216 F.R.D. 632, 635 (N.D. Cal. 2003)).

25      Even looking to cases with diversity jurisdiction, the majority of courts agree

26  that Cal. Civ. Code § 3295(c) is procedural and not substantive, and proceed to

27  permit pre-trial discovery of net worth pursuant to Fed. R. Civ. P. 26(b). *See LL B*

28

*Sheet 1, LLC v. Loskutoff*, 2016 U.S. Dist. LEXIS 179371, *3-4 (N.D. Cal. Dec. 28, 2016) ("[F]ederal courts sitting in diversity apply federal procedural law. Defendants' claims of privilege founded on California Civil Code Section 3295 thus fail because this section is procedural rather than substantive.") (internal citations omitted); *see also Zenith Capital, LLC*, 2005 U.S. Dist. LEXIS 35562, at *10 (quoting *CEH, Inc. v FV Seafarer*, 153 F.R.D. 491, 497-98 (D. R.I. 1994) ("discovery is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure")); *Oakes*, 179 F.R.D. at 285 (finding that § 3295(c) "is clearly a procedural law" that "merely restricts when and how evidence of a defendant's financial condition may be obtained"); 6-26 Moore's Fed. Practice Civ. § 26.41 (taking note of state statutes similar to § 3295 and commenting that "[i]t is doubtful that these types of provisions are binding on a federal court, even when its subject jurisdiction rests on diversity of citizenship").

In sum, in federal question cases, like here, the majority of courts agree that the Federal Rules of Civil Procedure apply, and pre-trial discovery regarding net worth is permissible under Rule 26(b). *See Loskutoff*, 2016 U.S. Dist. LEXIS 179371 at *4 ("Fed. R. Civ. P. 26(b) . . . permits the discovery of financial information related to punitive damages.").

### C. PLAINTIFF'S PROPOSED RESOLUTION

Under federal law, "a district court has unquestioned authority to control the sequence of discovery." *Zenith Capital, LLC*, 2005 U.S. Dist. LEXIS 35562, at *11 (quoting *CEH*, 1532 F.R.D. at 497-98). Plaintiff respectfully requests that this Court find it is not appropriate to further delay discovery of Defendant's financial condition, as such discovery is relevant and necessary to support Plaintiff's claim of punitive damages.

///

///

**D. DEFENDANT'S CONTENTIONS AND POINTS AND AUTHORITIES**

**1. <u>The Court has discretion to limit discovery of sensitive financial information, especially where the issue of Ocwen's net worth implicates a claim that rests upon only two telephone calls.</u>**

Plaintiff is not entitled to discovery on Ocwen's net worth at this juncture of the proceedings. Plaintiff's purported need for this discovery is tied only to her claim for punitive damages, a claim made pursuant to state law. "In state[-]court actions, plaintiff cannot obtain discovery as to defendant's wealth without a court order; and such order can be issued only after plaintiff has shown a 'substantial probability' of recovering punitive damages." *Stella Systems, LLC, et al. v. MedeAnalytics, Inc.*, Case NO. 14-cv-00880-LB, 2015 WL 850219, at *3 (N.D. Cal. Feb. 25, 2015) (citing Cal. Civ. Code § 3295(c)).

This Court has "broad discretion to control the discovery, introduction, and timing of [evidence of a defendant's wealth] when relevant to punitive damages." *Stella Systems*, 2015 WL 850219 (citing *Am. Computech, Inc. v. Nat'l Med. Care, Inc.*, 959 F.2d 239 (9th Cir. 1992); *Hungarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)). The discovery that Plaintiff seeks is relevant only to her state law claim, giving this Court the discretion to apply California law protecting such evidence. *Id.* Given that the Court will apply California substantive law to Plaintiff's negligence claim, it is only appropriate that it apply California substantive law to discovery related to that negligence claim. Such application is necessary to provide privacy protection to defendants. *Id.; see also Brooks v. Motsenbocker Advanced Developments, Inc.*, Civil No. 07cv773 BTM (NLS), 2008 WL 2446205, at *4 (S.D. Cal. June 13, 2008) (citing *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999) ("The substantive right to financial privacy extends to individuals in litigation.").

In similar cases, other federal courts have determined that application of state

laws prohibiting discovery of net worth is appropriate where the only claim implicated is a state law claim for punitive damages. *See, e.g., Davis v. Ross*, 107 F.R.D. 326, 327 (S.D.N.Y. 1985) ("[Defendant] should not be compelled to disclose private facts to anyone—even to someone who has agreed to keep the information confidential—until it is found that plaintiff is entitled to punitive damages. As a federal court sitting in New York, we are required to follow and apply the rule of [New York state law].").

The circumstances in this case require the same conclusion as the court came to in *Stella Systems*. There, the case was in its early stages and the issue of net worth was relevant only to the plaintiff's punitive damages. *Id.* It was not "intimately bound up with liability theories as such evidence sometimes is." *Id.* The court was applying California substantive law to the claim at issue. *Id.* Given these factors, the court found that requiring the defendant to respond to the plaintiff's discovery requests on valuation was not necessary. *Id.* The court left open the door to later requiring the defendant to produce such information, but nevertheless concluded that the timing was not correct for such discovery. *Id.*

In this case, given that there are only two calls to Plaintiff at the time period at issue, only two calls that bear upon Plaintiff's claim for punitive damages pursuant to her negligence claim, this evidence is simply unnecessary. Like *Stella Systems*, Plaintiff's discovery requests relate only to her request for punitive damages. Issues as to Ocwen's net worth or valuation are not intimately bound up with liability theories in this case. Finally, this Court will apply California law to decide Plaintiff's claim. All of these considerations demonstrate that California law should apply to shield Ocwen's sensitive information from discovery.

As this Court has noted, "even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must be then a careful balancing of the compelling public need for

discovery against the fundamental right of privacy." *Shinedling v. Sunbeam Prods., Inc.*, Case No. ED CV 12-438-CJC (SPx), 2014 WL 12600964 (C.D. Cal. Mar. 4, 2014) (internal citations omitted). Here, Ocwen's right to privacy counterbalances Plaintiff's alleged right to this discovery. At this juncture of the proceedings, this discovery is unnecessary and pertinent California law should apply.

### 2. **Plaintiff cannot show a substantial probability that she will prevail on her punitive damages request, given that it is based upon two phone calls.**

Plaintiff's inability to prevail on her underlying claim prevents discovery of private financial information. To demonstrate an entitlement to evidence relating to Ocwen's financial condition, Plaintiff must show a substantial probability of recovering punitive damages. *See* Cal. Civ. Code § 3295(c). Punitive damages are available only "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Cal. Civ. Code § 3294.

Plaintiff's punitive damage and negligence claims are predicated upon her TCPA claim, and all are based upon Ocwen's efforts to contact Plaintiff by telephone to service her mortgage. It is highly unlikely that Plaintiff cannot prove, by clear and convincing evidence, that Ocwen has been guilty of oppression, fraud or malice when the only evidence that she has to support her claim is two telephone calls, separated by two months. *See, e.g., Sepehry-Fard v. Dep't Stores Nat'l Bank*, Case No. 13-cv-03131-WHO, 2013 WL 6574774, at *2 (N.D. Cal. Dec. 13, 2013) ("There are no facts that suggest the [defendant's] actions went 'beyond the domain' of a creditor seeking to collect on a debt."). Two telephone calls in a two month span hardly goes "beyond the pale" in an effort to collect a debt. This evidence falls far short from the requirement to show a substantial probability of prevailing on the merits of her claim. As a result, Ocwen's right to privacy on its financial condition outweighs any need for discovery on this issue.

3. **Should the Court find Ocwen liable on Plaintiff's punitive damages claim, Ocwen will provide Plaintiff's requested discovery at that time.**

Ocwen's position is not that Plaintiff would never be entitled to information regarding its net worth, only that this discovery is not necessary at this time. At this stage of the litigation, Ocwen's right to privacy and security in its sensitive information outweighs Plaintiff's purported need for this discovery. However, should Plaintiff succeed on her punitive damages claim, Ocwen is prepared to provide to Plaintiff the discovery she seeks. Like *Stella Systems*, the timing is not currently appropriate, but should such discovery seem appropriate at a later time, it may be available to Plaintiff then. But Plaintiff's entitlement to sensitive and confidential information related to Ocwen's net worth would be contingent upon Plaintiff's ability to succeed on the merits of her claim for punitive damages, something she has not currently demonstrated.

**DEFENDANT'S PROPOSED RESOLUTIONS**

Ocwen respectfully requests that the Court deny Plaintiff's request for discovery on Ocwen's net worth.

Respectfully Submitted,

Dated: June 1, 2018 **KAZEROUNI LAW GROUP, APC**

By: */s Emily C. Beecham*
Emily C. Beecham, Esq.
*Attorney for Plaintiff,*
Mirella Covarrubias

///

///

///

Dated: June 1, 2018                    **TROUTMAN SANDERS LLP**

                                        By:      */s/ Virginia Bell Flynn*
                                                 Virginia Bell Flynn, *admitted pro hac vice*
                                                 *Attorney for Defendant*,
                                                 Ocwen Loan Servicing, LLC

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Local Rules, I hereby certify that the content of this document is acceptable to Defendant's respective legal counsel and that I have obtained their authorizations to affix their electronic signatures to this document.

Dated: June 1, 2018                    **KAZEROUNI LAW GROUP, APC**

                                        By:      */s Emily C. Beecham*
                                                 Emily C. Beecham, Esq.